■ In the Matter of EUGENE IOVINE, INC., Respondent, v NEW YORK CITY DEPARTMENT OF GENERAL SERVICES et al., Appellants, et al., Respondent. [620 NYS2d 398] —Judgment, Supreme Court, New York County (Stephen G. Crane, J.), entered September 16, 1993, which granted the petition and directed respondents to cease work on the subject electrical subcontract and re-open the bidding on such subcontract by compiling a new list of prequalified bidders, without regard to which labor union the potential subcontractors have collective bargaining agreements with, reversed, on the law, the petition denied and the proceeding dismissed, without costs.

In this CPLR article 78 proceeding in which petitioner, an electrical contractor, alleges that it was wrongfully excluded from bidding on an electrical subcontract under Morse's contract with the City to build 500 additional jail cells on Rikers Island, the IAS Court's determination was founded upon its finding that the City neither admitted nor denied the allegation in paragraphs 5 and 7 of the petition that the "New York City Department of General Services has put together a so-called short list of pre-qualified contractors who are in signed agreement with Local 3, I.B.E.W. and have excluded all others whether union or non union." An examination of the quoted passage indicates, however, that the full allegation is that *"Morse Diesel International acting under the authority given them* by the New York City Department of General Services [etc.]" (emphasis added). Thus, inasmuch as such allegation was made against Morse, which denied it in its answer, it was unnecessary for the City to address it. It was, therefore, erroneous for the court, in the absence of a denial from the City, which merely responded to petitioner's order to show cause seeking a preliminary injunction and has not yet answered the petition, to state that it "must assume the accuracy of the petitioner's allegations of fact."

Accordingly, inasmuch as the courts will not interfere with the award of a contract by an agency when the action has a rational basis and is neither arbitrary nor capricious, petitioner's conclusory and unsupported allegations of impropriety in the awarding of the electrical subcontract to respondent Sound Electric Corporation, which contract we are advised has been completed, are insufficient to meet its burden of raising triable issues of fact and the proceeding should have been dismissed. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Tom, JJ.